# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

ALEX VOLINSKY, individually and on
behalf of all others similarly situated,

               Plaintiff,

       - against -                 Class Action Complaint

HISENSE USA CORPORATION,

               Defendant        Jury Trial Demanded

Plaintiff Alex Volinsky ("Plaintiff") alleges upon information and belief,

except for allegations about Plaintiff, which are based on personal knowledge:

## FACTUAL ALLEGATIONS

1.   Hisense USA Corporation ("Defendant") manufactures, markets, and

sells refrigerators, such as the 26.6-cu ft French Door Refrigerator with Ice Maker

(HRF266N6CSE), under the Hisense brand ("Product").



2.    Defendant markets its refrigerators with the representations that they are technologically advanced and built to last.



Melding timeless design and modern conveniences

*Hisense*
innovative **technology**

3.    The description of the Product tells consumers it will function reliably and remain in proper working condition for years to come, subject to normal and intended use.

## I.    PRODUCT MADE WITH DEFECTIVE SHELVES

4.    Despite the marketing of the Product as capable of functioning reliably and remaining in proper working condition for years to come, it did not function reliably or remain free of flaws, damage, or structural deficiencies.

5.    The shelves of the Product were defective, in that they were made of

low-quality and/or low-strength materials, which caused the plastic framing of the glass shelves to break and/or detach.

6.      This defect in turn caused the shelves to lose their stability and integrity, affecting the function and capabilities of the appliance.[1]





---

[1] Included are pictures of Plaintiff's shelves.









7. Most consumers have encountered this defect and the related issues without warning.

8. In fact, many experienced the defect unexpectedly, once weakening, detachment, or separation occurred.

9.    However, the defect was present and continuously evolving much sooner than noticed or experienced.

10.    This is because the plastic framing of the glass shelves is too weak to withstand normal use or support loads below weight capacity.

11.    Even if there is proper maintenance and only normal and intended use of the Product, the defect and related issues occur.

12.    Consumers expect a refrigerator represented – directly or indirectly – as capable of functioning reliably and remaining in proper working condition for years to come, to function reliably and remain free of flaws, damage, and structural deficiencies.

13.    Many individuals have complained online about the Product, the shelf defect, and Defendant's handling of the situation, on sites like *lowes.com* and forum communities.



**Shelves are cheaply made**

Shelves are  splitting  on  their  own.  I  called  customer  service  and  they  said

the shelves were not covered. It shouldn't be happening only owned for 2 years.



**Shelves** made of cheap flimsy plastic

★☆☆☆☆    ✕ Would Not Recommend

Bought this fridge maybe two years ago and I'm just so disappointed with how it has held up. The shelves in the main unit of the fridge have cracked, chipped, and outright snapped apart. We don't overstock our fridge nor do we store heavy items in it so I don't understand why everything is breaking so soon. I wouldn't be so upset if we've had this for 5+ years, but I now question whether I made the right choice in purchasing this if the main purpose is to hold my food while it is indeed not... holding. Not cool Hisense.

Samantha
September 15, 2023

## Shelves made of cheap flimsy plastic

Bought this fridge maybe two years ago and I'm just so disappointed with how it has held up. The shelves in the main unit of the fridge have cracked, chipped, and outright snapped apart. We don't overstock our fridge nor do we store heavy items in it so I don't understand why everything is breaking so soon. I wouldn't be so upset if we've had this for 5+ years, but I now question whether I made the right

choice in purchasing this if the main purpose is to hold my food while it is indeed not… holding. Not cool Hisense.

### Breaks in pieces within a few months

★☆☆☆☆    ✕ Would Not Recommend

Gggg
November 17, 2022

I bought this fridge a few years ago and within a few weeks of getting it, the left door wouldn't align right and the middle piece would get stuck. We had to manually move the piece to be able to close the doors. Then a few months later, the plastic pieces that held the glass shelves together stared breaking into pieces and now every single plastic on every shelf is broken. Note that we never put heavy items on the shelves, just your regular day to day refrigerated items. We had to tape the pieces together to hold the glass shelves. Soon after, the door shelves started cracking. It just fell apart. Earlier this year, the left door fell off the hinges. The door fell off! I looked on line and saw that there was a recall and called the number and they sent someone to replace both door hinges. I told Lowe's about the broken shelves and never heard back. I went to Lowe's to buy my fridge and trusted them that they would sell quality appliances, but I am so disappointed that they sell this kind of junk in their store. Do your research before buying this refrigerator. It is absolutely terrible! It is also so easily scratched and even wiping with a sponge scratched its surface. The one good thing is that it cools and freezes.

**Breaks in pieces within a few months**

I bought this fridge a few years ago and within a few weeks of getting it, the left door wouldn't align right and the middle piece would get stuck. We had to manually move the piece to be able to close the doors. Then a few months later, the plastic pieces that held the glass shelves together stared breaking into pieces and now every single plastic on every shelf is broken. Note that we never put heavy items on the shelves, just your regular day to day refrigerated items. We had to tape the pieces together to hold the glass shelves. Soon after, the door shelved started cracking. It just fell apart. Earlier this year, the left door fell off the hinges. The door fell off! I looked on line and saw that there was a recall and called the number and they sent someone to replace both door hinges. I told Lowe's about

8

the broken shelves and never heard back. I went to Lowe's to buy my fridge and trusted them that they would sell quality appliances, but I am so disappointed that they sell this kind of junk in their store. Do your research before buying this refrigerator. It is absolutely terrible! It is also so easily scratched and even wiping with a sponge scratched its surface. The one good thing is that it cools and freezes.

**I like the look of it!**

⭐☆☆☆☆    ✕ Would Not Recommend

DeeJay
November 5, 2023

I like the look of the refrigerator. We have had it over 1 year. I like the layout inside of it. To me, the food in the refrigerator goes bad faster than our old refrigerator. 2 **shelves** have cracked. Fruit and vegetables go bad fast. Now we see gnats at the bottom of the refrigerator. The refrigerator is clean. We are not going to call for service. We are going to buy a new refrigerator with a different brand name.

**I like the look of it!**

I like the look of the refrigerator. We have had it over 1 year. I like the layout inside of it. To me, the food in the refrigerator goes bad faster than our old refrigerator. 2 shelves have cracked. Fruit and vegetables go bad fast. Now we see gnats at the bottom of the refrigerator. The refrigerator is clean. We are not going to call for service. We are going to buy a new refrigerator with a different brand name.

14.    Consumers, like Plaintiff, often opt to just use temporary remedies, like tape or glue to hold the loosened or detached parts together, service their appliances with third-parties, or repair the issues by themselves at home using online tutorials and replacement parts.

15.    Refrigerators made with shelves that can withstand normal and intended use, capable of functioning reliably and remaining in proper working condition for years to come, are available to consumers and are not technologically or commercially unfeasible.

## II.   CONCLUSION

16.   As a result of the false and misleading representations and omissions, the Product is sold at a premium price, approximately no less than $1,899.00, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## **JURISDICTION**

17.   Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

18.   The aggregate amount in controversy exceeds $5 million, including any statutory or punitive damages, exclusive of interest and costs.

19.   Plaintiff is a citizen of Florida.

20.   Defendant is a citizen of Georgia.

21.   The class of persons Plaintiff seeks to represent includes persons who are citizens of a different state from which Defendant is a citizen.

22.   The members of the proposed class Plaintiff seeks to represent are more than one hundred, because the Product has been sold for several years, with the representations described here, in dozens of Lowes and independent appliance stores across this State.

23.   The Court has jurisdiction over Defendant because it transacts business within Florida and sells the Product to consumers within Florida from the

approximately 129 Lowes stores in this State, dozens of independent appliance stores, and online to citizens of this State.

24.   Defendant has committed tortious acts within this State by representing and selling the Product in a manner which causes injury to consumers within this State by misleading them as to its quality, by regularly doing or soliciting business, or engaging in other persistent courses of conduct to sell the Product to consumers in this State, and/or derives substantial revenue from the sale of the Product in this State.

25.   Defendant has committed tortious acts outside this State by representing the Product in a manner which causes injury to consumers within this State by misleading them as to its quality, through causing the Product to be distributed throughout this State, such that it expects or should reasonably expect such acts to have consequences in this State and derives substantial revenue from interstate or international commerce.

26.   The Product is available to consumers from appliance stores, Lowe's locations, and online.

## **VENUE**

27.   Venue is in this District with assignment to the Tampa Division because a substantial part of the events or omissions giving rise to these claims occurred in Pinellas County, which is where Plaintiff's causes of action accrued.

28.  Plaintiff purchased, paid money for or towards, and/or used the Product in reliance on the representations and omissions identified here in Pinellas County.

29.  Plaintiff first became aware the representations and omissions were false and misleading in Pinellas County.

30.  Plaintiff resides in Pinellas County.

## PARTIES

31.  Plaintiff Alex Volinsky is a citizen of Pinellas County, Florida.

32.  Defendant Hisense USA Corporation is a Georgia corporation with a principal place of business in Georgia.

33.  Products under the Hisense brand have an industry-wide reputation for innovation, quality, and value.

34.  The Product is available to consumers from appliance stores, Lowe's locations, and online.

35.  Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, from Lowe's, between January 2021 and the present.

36.  Plaintiff bought the Product because he believed and expected that it would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use, because that is what the representations and omissions said and implied.

37.   Plaintiff seeks to purchase refrigerators which function reliably and remain free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

38.   Plaintiff relied on the words, descriptions, statements, omissions, claims, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

39.   Plaintiff bought the Product at or exceeding the above-referenced price.

40.   Plaintiff paid more for the Product than he would have had he known the representations and omissions were false and misleading, or would not have purchased it.

41.   The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

42.   Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, features, and/or quality.

## CLASS ALLEGATIONS

43.   Plaintiff seeks to represent the following class:

> All persons in Florida who purchased the Product in Florida during the statutes of limitations for each cause of action alleged.

44.   Common questions of issues, law, and fact predominate and include

whether Defendant's representations and omissions were and are misleading and if Plaintiff and class members are entitled to damages.

45.  Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

46.  Plaintiff is an adequate representative because his interests do not conflict with other members.

47.  No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

48.  Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

49.  Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## CAUSES OF ACTION

### COUNT I
Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"),
Fla. Stat. § 501.201, *et seq.*

50.  Plaintiff incorporates by reference paragraphs 1-16.

51.  The purpose of Florida's Deceptive and Unfair Trade Practices Act is to protect consumers against unfair and deceptive practices.

52.  Defendant violated and continues to violate FDUTPA by engaging in

unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its business.

53. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions, that it would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

54. The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public into believing that the Product would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

55. Plaintiff and class members relied upon these representations in deciding to purchase the Product.

56. Plaintiff's reliance was reasonable because of Defendant's reputation as a trusted and reliable company, known for its high-quality appliances, honestly marketed to consumers.

57. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

58. Defendant's conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous to consumers.

59.   Plaintiff and class members are entitled to damages in an amount to be proven at trial.

60.   Defendant should also be ordered to cease its deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that the Product does not function reliably or remain free of flaws, damage, or structural deficiencies for many years, even when subject to normal and intended use.

## COUNT II
### False and Misleading Adverting,
### Fla. Stat. § 817.41

61.   Plaintiff incorporates by reference preceding paragraphs 1-16.

62.   Defendant made numerous misrepresentations of material fact, that the Product would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use, through its advertisements and marketing in various forms of media, product descriptions distributed to resellers, and targeted digital and/or print advertising.

63.   Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

64.   Defendant knew that these statements were false.

65.   Defendant intended for consumers to rely on its false statements for the purpose of selling the Product.

66.   Plaintiff and class members did in fact rely upon these statements.

67.   Reliance was reasonable and justified because of Defendant's reputation as a trusted and reliable company, known for its high-quality appliances, honestly marketed to consumers.

68.   As a result of Defendant's misrepresentations, Plaintiff and class members suffered damages in the amount paid for the Product.

69.   Plaintiff and class members are entitled to damages as set forth above.

**COUNT III**
Fraud
(Fed. R. Civ. P. 9(b) Allegations)

70.   Plaintiff incorporates by reference preceding paragraphs 1-16.

71.   Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

72.   The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

73.   Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

74.   To the extent necessary, as detailed in the paragraphs above and below,

Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

75. WHO: Defendant, Hisense USA Corporation, made material misrepresentations and/or omissions of fact in its advertising and marketing of the Product by representing that the Product would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

76. WHAT: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

77. Defendant omitted from Plaintiff and class members that the Product does not function reliably or remain free of flaws, damage, or structural deficiencies for many years, even when subject to normal and intended use.

78. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions.

79. Yet, Defendant has and continues to represent that the Product will function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

80. WHEN: Defendant made material misrepresentations and/or omissions

detailed herein, including that the Product would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use, continuously throughout the applicable Class period(s).

81.   WHERE: Defendant's material misrepresentations and omissions, that the Product would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use, were located in the advertising and marketing of the Product, through statements like, "Melding timeless design and modern conveniences," and "innovative technology."

82.   The Product is sold in appliance stores, Lowe's locations, and online.

83.   HOW: Defendant made misrepresentations in the advertising and marketing of the Product, that it would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use.

84.   As such, Defendant's representations are false and misleading.

85.   WHY: Defendant misrepresented that the Product would function reliably and be free of flaws, damage, and structural deficiencies for many years, subject to normal and intended use, for the express purpose of inducing Plaintiff and class members to purchase the Product at a substantial price premium.

86.   As such, Defendant profited by selling the misrepresented Product to at least hundreds of consumers throughout the nation.

## COUNT IV
<u>Unjust Enrichment</u>

87.    Plaintiff incorporates by reference preceding paragraphs 1-16.

88.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## **JURY DEMAND AND PRAYER FOR RELIEF**

Plaintiff demands a jury trial on all issues.

 **WHEREFORE**, Plaintiff prays for judgment:

1.    Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2.    Awarding monetary damages and interest;

3.    Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4.    Other and further relief as the Court deems just and proper.

Dated:   January 11, 2024

                                        Respectfully submitted,

                                         /s/ William Wright
                                        The Wright Law Office P.A.
                                        515 N Flagler Dr Ste P300
                                        West Palm Beach FL 33401
                                        (561) 514-0904
                                        willwright@wrightlawoffice.com

***Notice of Lead Counsel Designation:***

***Lead Counsel for Plaintiff***

**William Wright**

**The Wright Law Office P.A.**

Sheehan & Associates P.C.
Spencer Sheehan*
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com


**Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff*